**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                              :
KENNETH KENNEDY,              :
                              :
          Plaintiff,          :   Civil No. 06-6082 (RBK)
                              :
     v.                       :   OPINION
                              :
AXA EQUITABLE LIFE INSURANCE, :
CO., et al.,                  :
                              :
          Defendants.         :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendants Axa Equitable Life Insurance Company, Disability Management Servies, to dismiss the third count of Plaintiff Kenneth Kennedy's Complaint.

### I.   BACKGROUND[1]

On June 21, 1989, Plaintiff submitted an application for an occupation-specific, noncancellable disability insurance policy to Defendant Equitable Life Insurance Company through Defendant Disability Management Services.  This application indicated that Plaintiff was the sole owner of Kennedy's Body Shop in

---

[1] On a motion to dismiss, the Court accepts all the allegations in the complaint as true.

Tabernacle, New Jersey and that Plaintiff was working on a full-time basis with a gross earned income of $144,000 per year. Defendants accepted this application and issued Plaintiff such a policy effective August 26, 1989.  Plaintiff began paying premiums to Defendants of $1,604.81 per month.  The policy provided for lifetime monthly benefits of $3,000 per month, in accordance with various terms and conditions, after a ninety-day elimination period.  The policy was also guaranteed renewable until Plaintiff reached age 65.  The policy defined "total disability" as the inability to engage in the substantial and material duties of the policy holder's regular occupation.

On June 30, 2001, Plaintiff was involved in a motor vehicle collision.  Following this accident, he was diagnosed with "post concussion syndrome, adjustment disorder with mixed emotional features, cognitive deficits, anxiety and severe depression."  He was later additionally diagnosed with "permanent residuals of cognitive impairment and deficits subsequent to Traumatic Brain Injury" as well as "post traumatic degenerative joint disease and internal derangement of the left knee, with articular cartilage damage to the patella femoral joint, all left knee with meniscal tear and exacerbation of degenerative joint disease; cervical and lumbar strain and sprain; lumbar radiculopathy; bulging lumbar discs at L4-5 and T12-L1;" and "spondylosis of the cervical spine."  Plaintiff was granted total Social Security Disability benefits on July 3, 2004, with the benefits to be awarded from

June 30, 2001.

At some point after the motor vehicle accident, Plaintiff submitted a claim to Defendants for disability payments under the policy, based on his total disability and inability to work since June 30, 2001. Defendants began paying individual disability payments of $3,000 per month to Plaintiff on a total disability basis and waived further payment of premiums by Plaintiff in accordance with the terms of the policy. On October 26, 2005, however, Defendants advised Plaintiff that his claim for further disability was being denied. On November 2, 2006, Plaintiff filed a complaint in New Jersey state court, which Defendants removed to this Court on December 18, 2006.

**II.    STANDARD**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn from them, as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

**III.   DISCUSSION**

Defendants seek to dismiss the Third Count of the Complaint, which is a claim for relief under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA").

The CFA provides that "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."  N.J. Stat. Ann. § 56:8-2.

The heart of Plaintiff's claim is Defendants' alleged violation of the terms of the policy.  Plaintiff in his brief indicates that his dispute is not with the "advertising, marketing, sale, or performance of the policy."  Rather, Plaintiff's argument is that despite the representation of Defendants that the policy was non-cancellable and guaranteed, on October 26, 2005, Defendants stopped paying benefits from the policy to Plaintiff.  (Pl. Opp'n at 3.)  Plaintiff alleges that this conduct constituted an "unconscionable commercial practice[ ]" under the CFA.

The New Jersey Supreme Court has not expressly interpreted the CFA as applied in the insurance context, and the Third Circuit has recently opined that performance in the "providing of benefits, not just sale" may be covered by the CFA.  <u>Weiss v. First Unum Life Ins. Co.</u>, 482 F.3d 254, 266 (3rd Cir. 2007).  The Third Circuit indicated that "[t]he CFA covers fraud both in the initial sale (where the seller never intends to pay), and fraud in the subsequent performance (where the seller at some point elects not to fulfill its obligations)."  <u>Id.</u>

Although the CFA may in some cases be applicable to an insurer's performance in providing (or ceasing to provide) benefits, such a claim based on performance is not available in this case.  <u>See</u> <u>Weiss</u>, 482 F.3d at 266.[2]  In <u>Weiss</u>, the plaintiff alleged that the termination of his benefits was the result of a conspiracy to stop paying claims that exceeded a certain amount per month.  The plaintiff in <u>Weiss</u> additionally alleged that the defendants "did not receive or examine his hospital records until the termination decision was reached, and that tests that would make clear the severity of his injury were purposely never ordered. He avers not merely a bad-faith denial of benefits limited to his case, but rather that his denial is one instance in a pattern of fraudulent activity."  <u>Id.</u> at 257.

Plaintiff's claim here is markedly different.  He alleges

---

[2] <u>Weiss</u> was decided by the Third Circuit after the motions in this case were filed.

that the decision to terminate his benefits was "based upon a single medical examination report by a non-treating independent physician."  He does not allege a scheme to deprive him or any other insured of their benefits, but rather a that "the policy was not, as represented to the Plaintiff, non-cancellable or guaranteed."  Therefore, Plaintiff here has disavowed reliance on the CFA as it relates to the performance of the policy.  His claim of "unconscionable commercial practice[]" instead relates to  Defendants' representations that the policy was "non-cancellable and guaranteed."  Such claims relating to events at the time of sale of the policy--advertisements, marketing, and representations--arose at the time the policy was issued in 1989. See Sears Mortgage Corp. v. Rose, 134 N.J. 326, 348 (1993) (noting that purchasers of insurance are expected to read their policies and the law may fairly impose restrictions on them as a result).  New Jersey's 6-year statute of limitations for contract actions also covers insurance contracts and claims under the CFA. D'Angelo v. Miller Yacht Sales, 261 N.J. Super. 683, 619 A.2d 689 (N.J. Super. Ct. App. Div. 1993); Gahnney v. State Farm Ins. Co., 56 F. Supp. 2d 491 (D.N.J. 1999).  Therefore, Plaintiff's claim under the New Jersey Consumer Fraud Act is necessarily time-barred and Defendants' motion to dismiss the Third Count of the Complaint will be granted.

**IV. CONCLUSION**

    For the reasons set forth above, this Court grants Defendants' motion to dismiss the Third Count of Plaintiff's Complaint.  Plaintiff's claims that Defendants breached their contractual obligations and committed the independent tort of bad faith remain.


Dated: 9/11/07                           /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge